ROBERT A. EDER, JR. (# 8056)
Attorney for the Debtor(s)
5667 S. Redwood Road, Suite 8
Salt Lake City, Utah 84123
Telephone (801) 265-1836
Facsimile (801) 265-1866
rob@ederlaw.net

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| IN RE: <br>    VERDON R. COLE, <br>    xxx-xx-2938 | Bankruptcy Case No. <br> Chapter 13 |
|---|---|

### CHAPTER 13 PLAN
### MOTION TO VALUE COLLATERAL AND AVOID LIENS UNDER 11 U.S.C. § 506
### MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

Original Plan   __X__              Amended Plan   ____

Dated:    February 15, 2017

**CREDITORS, YOUR RIGHTS WILL BE AFFECTED.  You should review this Plan and any motion herein and discuss it with your attorney.  If you disagree with the terms herein, you must file with the bankruptcy court a written objection before the deadline stated in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines*.  In the absence of a timely written objection, the court may grant the requested relief and confirm the Plan without further notice or hearing.**

**1. PLAN PAYMENTS.**

    (a)   Fixed Monthly Payments:  Debtor shall pay **$240.00** per month to the Chapter 13 Trustee until completion of the Plan.  Such payments are due on the 25th day of each month.

    (b)   Contribution of Tax Refunds:  For the next three tax years of 2016, 2017, and 2018, the Debtor shall pay into the Plan yearly state and federal tax refunds that, when combined, exceed $1,000 or $2,000 if allowed under applicable law (see section 10).

    (c)   Other Payments:

**2. APPLICABLE COMMITMENT PERIOD.** Pursuant to § 1325(b)(4), as calculated under Part II of Form 22C, the Applicable Commitment period for this case is  X  3 years or __ 5 years. Therefore, Plan payments shall be made for the following period:

>  X  Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the Plan;
>
> ___ Not less than 60 months;

**3. RETURN TO ALLOWED NONPRIORITY UNSECURED CLAIMS** . Unless this is a 100% Plan, the amount to be distributed on such claims shall be the greater of the amount set forth below, or the pro rata distribution, if any, resulting from the Plan Payment multiplied by the Applicable Commitment Period of section 2 plus all tax refunds required under subsection 1(b).

> Pot Plan:  Not less than **$0.00** to be distributed pro rata among allowed nonpriority unsecured claims.
>
> The following nonpriority unsecured claims are separately classified and will receive the following treatment:

| Creditor | Claim Amount | Proposed Treatment | Reason for Separate Classification |
|---|---|---|---|
|  | $ |  |  |
|  |  |  |  |

**4. TRUSTEE'S PERCENTAGE FEE.** The Trustee shall collect the statutory fee of 28 U.S.C. § 586(e) for any disbursements actually or constructively made by the Trustee under the Plan or pursuant to the Bankruptcy Code, the Local Rules, or a court order.

**5. ATTORNEY FEES.** Counsel for Debtor requests an award of attorney fees and costs in the amount of $3,500.00. Counsel may request additional fees by complying with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The unpaid balance of attorney's fees shall be paid as follows:

>   X   Monthly pro rata distributions from available plan payments until paid in full (see paragraph 9(b)).
>
> _____ Fixed monthly payments of $_____, accruing with the first payment under the Plan until paid in full (see paragraph 9(b)).

**6. TREATMENT OF SECURED CLAIMS.**

> (a) **Motion To Value Collateral And To Void Liens Under 11 U.S.C. § 506:  The Debtor moves the court to value the collateral at the amount stated in the Debtor's proffered value below.  Unless a timely objection is filed to this motion to value, the court will fix the**

**value of the collateral consistent with the Debtor's proffer without further notice or hearing. A creditor's filing of a proof of claim asserting a value different than the Debtor's proffered value does not constitute an objection to confirmation. If this case is dismissed or converted before the entry of a discharge, creditors impacted by this subsection shall retain their lien to the extend allowed by § 1325(a)(5)(B).** The resulting allowed secured claim of such creditor shall be paid *the lesser of* (1) the value as fixed by an order of the court, or (2) the value asserted in the proof of claim, or (3) the secured amount asserted in the proof of claim, including any subsequent amendments or modifications by court order. The portion of any such allowed claim that exceeds the amount of the allowed secured claim shall be treated as a nonpriority unsecured claim under section 3.

| Creditor | Description of Collateral | Debt Amount Listed on Sched. D | Debtors' Proffer of Collateral Value | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

(b) Secured Claims Not Subject To 11 U.S.C. § 506: Pursuant to § 1325(a)(9), the following claims are not subject to "cramdown" under § 506. The allowed secured claim of such creditor shall be the secured amount listed in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Secured Claim (*proof of claim controls*) | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

(c) Secured Tax Claims: Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount set forth on the proof of claim, unless the Plan specifically modifies the amount of the secured tax claim by setting forth different treatment of the claim in the table below. Secured claims of governmental entities will be paid at the interest rate stated in the proof of claim; or, if no interest rate is stated in the proof of claim, at the estimated statutory rate ___%. Nothing in this subsection shall prohibit the Debtors from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

| Governmental Unit | Estimated Secured Claim (*proof of claim controls*) | Estimated Statutory Interest Rate | Interest Accrual Date *(see ¶ 6(h)(3)* | Adequate Protection Payment | No. of Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|
| IRS | $25.00 | 3.0% | C | $5.00 | 24 | $10.00 |
| Utah State Tax Commission | $25.00 | 2.0% | C | $5.00 | 24 | $10.00 |

(d)  <u>Curing Defaults And Postpetition Payments</u>: The Trustee shall disburse on allowed arrearage claims, and the Debtor shall make regular postpetition payments directly to these creditors pursuant to the terms of the original contract beginning with the next payment due after the petition date.  Postpetition payments made directly by the Debtor to such creditors may change due to an adjustable rate note, escrow requirements, etc., and notices of such payment changes shall be provided to the Debtor.  The arrearage claim will be in the amount in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Arrearage (*proof of claim controls*) | Interest Rate *(enter "0%" if no interest is to be paid)* | Equal Monthly Payment *(if no equal monthly payment, leave blank)* | Equal Monthly Payment Start Date |
|---|---|---|---|---|---|
| Ditech | House | $8,000.00 | 0.0% | | |

(e)  <u>Surrender Of Collateral</u>:  The Debtor surrenders the following collateral to the secured creditor.  Upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral, and the Debtor will immediately make the collateral available for repossession by the creditor.  If the surrender is in full satisfaction of the claim, no unsecured deficiency claim will be allowed, and the Trustee shall not disburse on such claim.  If the surrender is in partial satisfaction, the creditor will have 180 days from the confirmation hearing date to file an amended claim for an unsecured deficiency or such creditor's claim will be deemed paid in full.  If neither full nor partial satisfaction is designated, surrender is deemed in partial satisfaction of the claim.

| Creditor | Collateral to be Surrendered | Effect of Surrender |
|---|---|---|
| | | |

(f)  <u>Direct Payments By Debtor On Claims Secured by Personal Property</u>:  The Debtors will directly make payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will pay the claim without any modifications to the terms of the contract; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claims; (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor.

| Creditor | Collateral |
|---|---|
| | |

(g)  **<u>Motion To Void Liens Under § 522(f)</u>: The Debtor moves to avoid the following liens because they impair the Debtor's exemption asserted on Schedule C in that there is no non-exempt equity to which any part of the lien may attach.  Unless a timely objection is filed as to this motion, such liens shall be avoided upon entry of the confirmation order.  The filing of a proof of claim asserting a secured claim with respect to such lien does not constitute an objection.**

| Creditor | Identification of Collateral | Estimated Claim Amount |
|---|---|---|
|  |  | $ |

      (h) <u>Administrative Provisions Regarding Trustee Disbursements on Secured Claims:</u>

      (1) <u>Disbursements On Secured Claims</u>. The Trustee shall disburse on secured claims only if <u>all</u> of the following conditions are met: (a) the Plan specifically provides that the Trustee shall disburse on the secured claim; (b) the secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning a secured proof of claim has been timely filed, or the claim has been allowed by court order; and (c) there is no pending objection or motion with respect to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value collateral). All disbursements are subject to the Trustee having received payments under the Plan.

      (2) <u>Adequate Protection Payments.</u> The Adequate Protection columns in subsections 6(a), 6(b) and 6(c) fix the amount of monthly adequate protection and such payments shall accrue commencing with the first scheduled meeting of creditors under § 341 and continuing on the first day of each month thereafter for the number of months specified in such column. After this time, secured creditors will receive the Equal Monthly Payments set forth in such paragraphs. Pursuant to LBR 2083-1(c), the Trustee may make preconfirmation disbursements of Adequate Protection payments; however, such payments will only be made if a secured proof of claim is filed in compliance with the applicable provisions of Bankruptcy Rules 3001, 3002 and 3004 before the <u>earlier of</u> the entry of an order dismissing or converting the case or the applicable claims bar date. Adequate Protection payments made during the period before interest begins to accrue on such claims shall be applied to reduce the principal balance of such claim, and adequate protection payments made or attributable to the period after interest begins to accrue shall be applied to unpaid principal and interest.

      (3) <u>Interest Accrual Date.</u> In the Interest Accrual Date Column above, the designation "C" or "Conf." shall mean interest shall accrue and be paid from the effective date of the confirmation order and the designation "P" or "Pet." shall mean interest shall accrue and be paid from the petition date. If the Interest Accrual Date Column is left blank, interest shall accrue from the effective date of the confirmation order.

      (4) <u>Default Interest Rate.</u> If the interest rate column is left blank in subsections 6(a), 6(b) or 6(c), interest shall accrue and be paid at the rate set forth in the proof of claim. If the proof of claim does not specify an interest rate, then interest shall accrue and be paid at 6% per annum for subsections 6(a) and 6(b). If the interest rate column is left blank in subsection 6(d), no interest shall be paid on the arrearage claim.

**7. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are rejected unless specifically listed below, in which case such are assumed under § 365, and the Debtors will directly make postpetition lease or contract payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will make such payments without any modifications to the terms of the contract or lease; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as

to such leased property and indebtedness; (3) claims arising under the contract or lease will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor(s).

| Creditor | Description of Contract or Leased Property |
|---|---|
|  |  |

**8. PRIORITY CLAIMS.** Claims entitled to priority under 11 U.S.C. § 507(a), including domestic support obligations and unsecured taxes, will be paid in full. The allowed amount of any priority claim will be the amount in the proof of claim, unless modified by an amended claim or court order. If the Plan provides for interest on nonpriority unsecured claims, such interest shall also be paid on priority claims. The Debtors shall remain current on all postpetition domestic support obligations during the Plan term.

**9. PLAN DISTRIBUTIONS.**

(a) <u>Allowance Of Claims</u>. Except as otherwise specified in subsection 6(a) of the Plan, the amount of all allowed claims to be paid through the Plan shall be determined using the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. A proof of claim must be timely filed or specifically allowed by an order of the court to receive any disbursements from the Trustee under the Plan.

(b) <u>Order Of Distribution</u>. The Trustee shall collect the percentage fee under paragraph 4 and then pay allowed claims in the following order:

- Class 1: Monthly attorney fee payments provided under paragraph 5, if any, and Adequate Protection Payments and Equal Monthly Payments under paragraph 6 pursuant to the amounts and timing provided in such paragraphs until paid in full;
- Class 2: Pro rata attorney's fees provided under paragraph 5, if any, until paid in full;
- Class 3: Priority Domestic Support Obligations under § 507(a)(1) until paid in full;
- Class 4: Secured Claims paid by the Trustee that are not entitled to Adequate Protection Payments or Equal Monthly Payments until paid in full;
- Class 5: Other priority claims until paid in full; then
- Class 6: Nonpriority unsecured claims until paid the return provided in the Plan.

(c) <u>Administrative Provisions Regarding Adequate Protection And Equal Monthly Payments</u>

(I) If monthly Adequate Protection Payments or Equal Monthly Payments are specified on a claim, such monthly payments must be current in that all monthly payments due through the date of distribution shall be paid, but such claim need not be paid in full before

distributions can be made to lower-level Classes.  After the full payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to creditors with designated Adequate Protection or Equal Monthly Payments amounts greater than such designated payments to facilitate the prompt administration of the case.  To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors in a particular class, the Trustee shall make a pro-rata distribution to such class.  Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

(ii) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class, and a higher-level Class will be paid in full pursuant to the Plan before distributions will be made to a lower-level Class.

**10. CONTRIBUTION OF TAX REFUNDS**.  If section 1 of the Plan so requires, the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section.  If in an applicable tax year the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000.  On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns.  The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year.  However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the Plan may reduce the overall Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

**11. PLAN MODIFICATIONS POST CONFIRMATION.**  With the affirmative consent of the Trustee, and unless a party-in-interest objects, the Debtors may modify the Plan postconfirmation under § 1329, without further notice to creditors, to conform the Plan to the class, status, amount, value or interest rate set forth in a proof of claim (or otherwise asserted by a creditor) so long as such modification does not have a negative impact on any creditor not receiving notice, other than the delay in receiving the first distribution.

**12. OTHER PLAN PROVISIONS:**

(a) If the plan provides for a return of 100% of the allowed claim amount to non-priority unsecured claims, debtor(s) shall not pay any tax refunds into the plan.

**13.   CERTIFICATION:**  By signing this plan, counsel certifies that this plan does not alter the provisions of this Model Plan Form, except as set forth in section 12 above.  Any revisions to the Model Plan Form not set forth in section 12 shall not be effective.

**END OF PLAN**

**/S/**
VERDON R. COLE, Debtor

**/S/**
Robert A. Eder Jr.,
Attorney for the Debtor